IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:07-CR-213 |
| | § | |
| JAMES L. NICKERSON | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed May 2, 2012 alleging that the Defendant, James L. Nickerson, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on July 22, 2009, before the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute 5 grams or more of cocaine base within 1,000 feet of a public school, a Class B felony. The offense carried a statutory maximum imprisonment term of 80 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. The Defendant was sentenced to 96 months' imprisonment, followed by 8 years' supervised release subject to the standard conditions of release, plus special

conditions to include: drug aftercare, mental health aftercare, and a $100 special assessment. On February 9, 2010, James L. Nickerson's judgment was amended reducing the offender's term of imprisonment from 96 to 64 months.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on September 12, 2011, thus, beginning his term of supervised release. On January 12, 2012, a petition for warrant or summons was filed due to the offender failing to submit urine specimens, as ordered; failing to attend drug treatment, as instructed; moving without notifying the U.S. Probation Office; and testing positive for cocaine on November 16, 2011. On January 25, 2012, the Court agreed to hold the petition in abeyance and allow the offender to participate in inpatient substance abuse treatment.

## III. The Petition

United States Probation filed the original Petition for Warrant for Offender under Supervision on January 12, 2012 alleging three violations. A subsequent[1] Petition for Warrant or Summons for Offender Under Supervision was filed on May 2, 2012 alleging only one violation.

## IV. Proceedings

On May 22, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations regarding the second Petition for Warrant or Summons for Offender Under Supervision filed on May 2, 2012.

---

[1]The undersigned described this Petition as an "Amended Petition for Warrant or Summons for Offender Under Supervision" at the hearing; however, it is actually a subsequent Petition.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first and only allegation, which asserted that he violated a special condition of supervised release, to wit: "The defendant shall participate in a program of testing and treatment for drug use, under the guidance and direction of the U.S. Probation." The petition alleged that on March 31, 2012, April 9, 2012, April 14, 2012, and April 18, 2012, James L. Nickerson failed to report to Simon Counseling and Consultation and submit a urine specimen, as scheduled.

The undersigned recommends that the Court should revoke the Defendant's supervised release and impose a sentence of twelve (12) months and one (1) day of imprisonment, with a five (5) year term of supervised release to be imposed after release.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

Accordingly to Title 18 U.S.C. 3583(g)(3), if a defendant refuses to comply with drug testing imposed as a condition of supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to submit urine specimens on March 31, 2012, April 9, 2012, April 14, 2012, and April 18, 2012, he will be guilty of committing a Grade C violation. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to submit urine specimens on March 31, 2012, April 9, 2012, April 14, 2012, and April 18, 2012. Based upon the Defendant's plea of "true" to this allegation of the Petition for

Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to submit urine specimens on March 31, 2012, April 9, 2012, April 14, 2012, and April 18, 2012. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a twelve (12) month and one (1) day term of incarceration.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The undersigned recommends a five (5) year term of supervised release.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to submit urine specimens on March 31, 2012, April 9, 2012, April 14, 2012, and April 18, 2012.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of twelve (12) months' and one (1) day, with a five (5) year term of supervised release thereafter.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 23rd day of May, 2012.

_____
Zack Hawthorn
United States Magistrate Judge