# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:07CR-213 |
| | § | |
| JAMES L. NICKERSON, JR. | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed May 15, 2013, alleging that the Defendant, James L. Nickerson, Jr., violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on July 22, 2009, before the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute 5 grams or more of cocaine base within 1,000 feet of a public school, a class B felony. This offense carries a statutory maximum imprisonment term of 80 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. The Defendant was sentenced to 96 months' imprisonment followed by 8 years of supervised release subject to the standard conditions of release, plus special

conditions to include: drug aftercare, mental health aftercare, and a $100 special assessment. On February 10, 2010, his sentence was administratively reduced to 64 months' imprisonment followed by 8 years of supervised release with the same conditions of release.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on September 12, 2011, and began his term of supervised release. However, on June 15, 2012, the Defendant's sentence was revoked for failing to comply with his terms of supervision, and he was sentenced to twelve months and one day of imprisonment with five years of supervised release to follow. The original and standard conditions imposed on his original and amended judgements were also imposed on his revocation judgment.

The Defendant completed his second period of imprisonment on March 15, 2013, and began his five year term of supervised release.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on May 5, 2013, alleging five violations: 1) the Defendant admitted to using marijuana and cocaine on May 11, 2013 in violation of his standard condition that he shall not use controlled substances; 2) the Defendant admitted that he frequented places where illicit drugs were used in violation of his standard condition that he should not do so; 3) the Defendant admitted to using controlled substances with persons also engaging in that same criminal activity in violation of his standard condition that he not associate with persons engaged in criminal activity; 4) the Defendant failed to submit urine samples for drug testing in violation of his special condition requiring him to participate in a

program of testing and treatment for drug abuse; and 5) the Defendant failed to report for two mental health counseling sessions as required by a special condition.

### IV. Proceedings

On August 13, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the fourth allegation, which asserted that he violated a special condition of supervised release, to wit: "The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of thirteen (13) months' imprisonment and a three (3) year term of supervised release to be imposed after release.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on

post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years; however, because of the Defendant's previous revocation and resulting imprisonment, the maximum imprisonment sentence is 729 days (three years minus twelve months and one day).

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to submit urine samples on two occasions, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment is more than six months but not more than ten months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the Court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that

was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than life.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to submit urine samples on two occasions. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to submit urine samples on two occasions.

As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of thirteen (13) months' imprisonment and three (3) years of supervised release to follow.

### VII. Recommendations

1. The Court should find that the Defendant violated a standard condition of supervised release by failing to submit urine samples on two occasions.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of thirteen (13) months and three (3) years of supervised release to follow.

4. The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Texarkana, Texas to facilitate family visitation. The undersigned requests the Court to recommend this facility to the Bureau of Prisons.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report.

The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 15th day of August, 2013.

_____
Zack Hawthorn
United States Magistrate Judge