**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | NO. 1:07-CR-213-1 |
| | § | |
| **JAMES L. NICKERSON** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 24, 2014, alleging that the Defendant, James L. Nickerson, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on July 22, 2009, before the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute 5 grams or more of cocaine base within 1,000 feet of a public school, a Class B felony. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. The Defendant was sentenced to 96 months' imprisonment followed by 8 years of supervised release subject to the standard conditions of release,

plus special conditions to include: drug aftercare, mental health aftercare, and a $100 special assessment. On February 9, 2010, his imprisonment term was reduced to 64 months.

## II.  The Period of Supervision

On September 11, 2011, James L. Nickerson completed his original period of imprisonment and began service of the supervision term. On June 15, 2012, Nickerson's supervised release was revoked, and he was sentenced to twelve months and one day of imprisonment followed by five years of supervised release. On March 15, 2013, he completed this term of imprisonment and began his five year supervision term. On August 29, 2013, his supervised release was again revoked, and he was sentenced to thirteen months' imprisonment followed by three years of supervised release. On June 3, 2014, he completed this term of imprisonment and began his three year supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on July 24, 2014, that raises four allegations against Nickerson: 1) he submitted a positive urine specimen for cocaine on July 14, 2014 in violation of his mandatory condition that he refrain from any unlawful use of a controlled substance; 2) he failed to report on July 23, 2014 to the probation office in violation of his standard condition that he do so as directed by his probation officer; 3 & 4) he was unsuccessfully discharged on July 15, 2014 from the Unity House for leaving without permission in violation of his special condition that he participate in a drug program until released and his standard condition that he follow the instructions of his probation officer and answer all inquiries truthfully.

### IV. Proceedings

On August 4, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation, which asserted that he violated a condition of supervised release by submitting a positive urine specimen for cocaine on July 14, 2014 in violation of his mandatory condition that he refrain from any unlawful use of a controlled substance.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment with a three (3) year term of supervised release to be imposed after release.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is three years. However, due to two previous revocations of supervision and the resulting twelve month and one day imprisonment term

and thirteen month imprisonment term, his maximum imprisonment sentence has changed to eleven (11) months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that Nickerson violated conditions of supervision by submitted a positive urine specimen for cocaine on July 14, 2014, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months. However, due to two previous revocations of supervision and the resulting twelve month and one day imprisonment term and thirteen month imprisonment term, his maximum imprisonment sentence has changed to 8 to 11 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the

offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is life.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he submitted a positive urine specimen for cocaine on July 14, 2014 in violation of his mandatory condition that he refrain from any unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 11 months' imprisonment in consideration of his previous revocations and imprisonment. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of eight (8) months' imprisonment with a three (3) year term of supervised release to be imposed after release.

## VII. Recommendations

The court should find that the Defendant violated a mandatory condition of supervised release by submitting a positive urine specimen for cocaine on July 14, 2014. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of imprisonment of eight (8) months' imprisonment with a three (3) year term of supervised release to be imposed after release. The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Beaumont, Texas. The undersigned requests the court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report.

The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 7th day of August, 2014.

_____
Zack Hawthorn
United States Magistrate Judge