

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:07-CR-213 |
| | § | |
| JAMES L. NICKERSON | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, James Nickerson, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed *Petition for Warrant for Offender Under Supervision* (doc. #119) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on February 21, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

### STATEMENT OF REASONS

**A. Procedural History**

On July 22, 2006, The Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, sentenced Mr. Nickerson after he pled guilty to the offense of Possession with Intent to Distribute 5 Grams or More of Cocaine within 1,000 feet of a public school, a Class B felony. Judge Crone sentenced the defendant to 96 months imprisonment, followed by 8 years of supervised release subject to the standard conditions of release, plus special conditions to to include drug aftercare and mental health aftercare, and a $100 special assessment. On February 9, 2010, Judge Crone reduced the defendant's term of imprisonment to 64 months. *See Order* (doc.

#55). On September 11, 2011, James Nickerson completed his period of imprisonment and began service of the supervision term.

Mr. Nickerson's terms of supervised release were revoked twice, on June 15, 2012, and June 11, 2013. The current term of supervision began on June 3, 2014.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

On April 9, 2015, James L. Nickerson, Jr., was arrested in Mission, Texas, and charged with theft and human trafficking.

### C. Evidence presented at Hearing

At the hearing, the Government submitted evidence in support of the allegations in the petition. Specifically, the Government would prove that Mr. Nickerson was arrested on April 9, 2015, for the offense of human trafficking. The Government also presented, as an exhibit, a copy of the Judgment of Conviction entered against Nickerson in Cause No. CR-2309-15-C, in the 139th Judicial District Court of Hidalgo County, Texas. That judgment shows that Mr. Nickerson pled guilty to the offense of smuggling of persons for monetary gain, a third degree felony. He was sentenced to four (4) years imprisonment in the Institutional Division of the Texas Department of Criminal Justice for that crime.

Defendant, James Nickerson, offered a plea of true to the allegations in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing an new crime while on supervision.

If the Court finds that Mr. Nickerson violated his supervision conditions in the manner stated above, this will constitute a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the Court must revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of VI and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission support a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade B violation of his supervision conditions. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order the defendant, James Nickerson, to serve a term of **twenty-four (24) months and one (1) day imprisonment** with no further supervision to follow in this case. The Court would also recommend that Mr. Nickerson be placed in the Federal Medical Center (FMC) of the Bureau of Prisons in Forth Worth, Texas, if possible, for service of the prison term

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded

by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 27th day of February, 2017.**

                                      KEITH F. GIBLIN
                                      UNITED STATES MAGISTRATE JUDGE